

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

JOHN BEN SHEPPERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. M. O. Flowers
Secretary of State
Austin, Texas

Attention of Will Mann Richardson

Opinion No. 0-1732
Re: Procedure and amount of filing fee a corporation should pay in extending its charter and decreasing its capital stock.

Dear Sir:

Your recent request for an opinion of this department on the above stated proposition has been received.

We quote from your letter as follows:

"The Beaumont Improvement Company was granted a charter in 1890, for a period of fifty years. The capital stock was $100,000.00. The corporation wishes to extend its charter under the provisions of Article 1315a and also to decrease the capital stock to $50,000.00.

"The corporation takes the position that because the decrease in capital stock is concurrent with the extension of the charter, that the filing fee should be $90.00, which is the correct filing fee for the extension of a charter of a $50,000.00 corporation.

"This Department takes the position that the decrease in capital stock must be a separate amendment, in accordance with Article 1332, and that the filing fee for such an amendment would be the minimum of $50.00, and that the filing fee for the extension, according to Article 1315a, would be $90.00, making a total of $140.00 for the two, it being the opinion of this Department that two separate instruments are contemplated and two filing fees must be paid.

"The corporation, on the other hand, states that it feels that the matter should be considered as an application for a new charter for a $50,000.00 corporation and that no fee should be charged for the amendment decreasing the capital stock.

"It has been the custom of this Department to allow the amendment of a charter in two particulars, such as a change of name and a change of address, and only one filing fee would be charged for the amendment, but we believe that Article 1315a

provides for an entirely different instrument than an amendment, and that the extension of a charter should pay a separate filing fee and the decrease in capital stock should also pay a filing fee.

"We would appreciate an opinion from your Department as to whether these two portions of the charter can be amended in one instrument and pay one  filing fee, or whether two instruments and two filing fees are contemplated."

Articles 1315(a) and 1315(b) read as follows:

"Art. 1315(a).  Subject to a finding by the Secretary of State as hereinafter provided, any private corporation organized or incorporated for any purpose or purposes authorized under this Title, at any time within ten (10) years prior to the expiration of its charter, or any extention thereof, may extend such charter and the corporate existence of such corporation for an additional period of not to exceed fifty (50) years from the expiration date of the original charter, or any extension thereof, with all the privileges, powers, immunities, right of succession by its corporate name, and rights of property, real and personal, exercised and held by it at such expiration date, to the same intents and purposes as upon original incorporation.  The manner of extending any such charter shall be by a resolution in writing, adopted at any annual or special meeting of stockholders called for that purpose by stockholders holding a majority of the shares of capital stock of such corporation then outstanding, such resolution to specify the period of time for which the charter is extended, and a copy of such resolution, duly certified by the secretary of the corporation, under the corporate seal, shall be filed and recorded in the office of the Secretary of State.  Upon the adoption of such resolution and the filing of a certified copy thereof with the Secretary of State, together with payment of the filing fee herein prescribed, the charter and corporate existence of such corporation may be extended for the additional period of time recited in such resolution.  The filing fee to be paid for any such extension of a charter shall be such fee as said corporation would be required under the Statutes of Texas to pay in the event it was then applying for a new charter instead of extending its then existing charter.

"Such extensions, however, may be made only in instances where the Secretary of State shall have found, after proper investigation, that such corporation is solvent and its capital unimpaired.

"Art. 1315(b).  The provisions of Article 1315(a) shall extend to and include all private corporations incorporated under the general laws of Texas.  The period of ten (10) years prior to the expiration of the charter or any extension thereof

referred to in Article 1315(a) shall include the period of time during which such corporation may have continued its existence under the provisions of Article 1389 of the Revised Civil Statutes of 1925."

Article 1332, Vernon's Annotated Civil Statutes provides that:

"A corporation may decrease its capital stock by such amount as its stockholders may decide, by a two-thirds vote of all its outstanding stock, in like manner as is required for an increase. No such decrease shall prejudice the rights of any creditor may have against the company, or any stockholder thereof. Such decrease shall not become effective until full proof is made by affidavit of the directors to the Secretary of State of the financial condition of such corporation, giving therein all its assets and liabilities, with names and post office addresses of all creditors and amount due each; and the Secretary of State may require, as a condition precedent to the filing of such certificate of decrease, that the debts of such corporation be paid or reduced."

Article 3914, Vernon's Annotated Civil Statutes, reads in part as follows:

"Upon filing each charter, amendment, or supplement thereto of a corporation for the support of public worship, any benevolent, charitable, educational, missionary, literary or scientific undertaking, the maintenance of a library, the promotion of a public cemetery not for profit and the encouragement of agriculture and horticulture, to aid its members in producing and marketing agricultural products, or acquiring, raising, breeding, fattening or marketing live stock, a filing fee of Ten ($10.00) Dollars, and for filing the semi-annual financial statement of such agricultural products or live stock corporation, Ten ($10.00) Dollars, which shall include the annual license fee.

"Upon filing each charter, amendment or supplement thereto, of a private corporation created for any other purpose intended for mutual profit or benefit, a filing fee of Fifty ($50.00) Dollars, provided that if the authorized capital stock of said corporation shall exceed Ten Thousand ($10,000.00) Dollars it shall be required to pay an additional fee of Ten ($10.00) Dollars for each additional Ten Thousand ($10,000.00) Dollars of its authorized capital stock or fractional part thereof after the first. . . ."

Except in the case of religious and charitable corporations, and certain other special classes of corporations as mentioned in Article 3914, supra, the filing fee for the charter of a trading corporation is Fifty ($50.00)

Dollars with Ten ($10.00) Dollars additional for each Ten Thousand ($10,000.-00) Dollars of capital stock in excess of Ten Thousand ($10,000.00) and with a maximum of Two Thousand, Five Hundred ($2,500.00) Dollars. For amendments to charters the minimum fees enumerated as on the filing of the original charter are payable except where amendment which increases the capital stock, as to which a fee, in addition to the minimum fee, is payable according to the amount of the increase. St. Louis Southwestern Railway Company vs. Todd, 64 SW 778; Tex. Juris., Vol. 10, page 628.

Article 1315(a), supra, specifically provides that:

"The filing fee to be paid for any such extension of a charter shall be such fee as said corporation would be required under the Statutes of Texas to pay in the event it was then applying for a new charter instead of extending its then existing charter."

The statute also further provides:

"Such extensions, however, may be made only in instances where the Secretary of State shall have found, after proper investigation, that such corporation is solvent and its capital stock unimpaired."

The company in question has filed two instruments, one for the amendment of its charter, the other for the extension of the charter as amended. The filing fee to be paid for any such extension of a charter, under Article 1315(a), supra, shall be such fee as said corporation would be required to pay in the event it was then applying for a new charter instead of extending its then existing charter. Clearly, a company having a capital stock of Fifty Thousand ($50,000.00) Dollars under Article 3914, supra, would be required to pay the sum of Ninety ($90.00) Dollars. Also, under Article 3914, supra, the company would be required to pay the sum of Fifty ($50.00) Dollars for filing any amendment or supplement thereto.

Therefore, you are respectfully advised that it is the opinion of this department, in accordance with Article 1332, supra, the filing fee for the amendment would be the minimum of Fifty ($50.00) Dollars, and that the filing fee for the extension, according to Article 1315(a), supra, would be Ninety ($90.00) Dollars, making a total of One Hundred and Forty ($140.00) Dollars to be paid by the company amending and extending its charter.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JUN 19, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS
APPROVED: OPINION COMMITTEE
BY:     BWB, CHAIRMAN
AW:AW:wb

Very truly yours
ATTORNEY GENERAL OF TEXAS
By /s/ Ardell Williams
Ardell Williams, Assistant